IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILESTONE ELECTRIC, INC.,<br><br>   Plaintiff,<br>v.<br><br>NICE INCONTACT, INC.,<br><br>   Defendant. | **ORDER AND<br>MEMORANDUM DECISION**<br><br>Case No. 2:20-cv-00630-TC-JCB<br><br>District Judge Tena Campbell |

   Plaintiff Milestone Electric, Inc. brings this suit against Defendant inContact, Inc.,[1] alleging breach of contract and other contractual causes of action. InContact has moved to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court GRANTS inContact's motion to dismiss.

## FACTS[2]

   Milestone is a Texas-based corporation that entered into a contract with Utah-based inContact in November 2018. Their deal specified that inContact would provide to Milestone, among other things, a telephone answering service with prompts to help guide its callers. InContact's system did not always work well, and the problems caused significant downtime for Milestone. Concerned about these problems, Milestone began negotiating an amendment to its

---

[1] As has been established, Milestone initially mislabeled the Defendant as "Nice inContact, Inc., a Utah corporation." (See Compl., ECF No. 2.) The correct name, which is reflected in the amended complaint, is "inContact, Inc., a Delaware corporation." (See Am. Compl., ECF No. 27.) "NICE inContact" is inContact's doing-business-as (d/b/a) moniker. (See Mot. to Dismiss at 1, ECF No. 28.)

[2] All factual allegations come from Milestone's amended complaint. The court accepts them as true for the purposes of this order. See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., 771 F.3d 697, 700 (10th Cir. 2014).

contract, whereby it could exit the agreement if further problems occurred. The addendum stated:

> Termination for Cause
> Notwithstanding anything to the contrary herein, [Milestone] may terminate for Cause if [Milestone] receives SLA credits in any two (2) months during a twelve (12) rolling month period of the Service Term by delivering written notice to [inContact] reasonably describing such Cause, with such termination being effective thirty (30) days following delivery of the written notice unless such Cause is cured by [inContact] within the thirty (30) day period.

(Am. Compl. ¶ 11, ECF No. 27.)

Before it executed the addendum in May 2019, Milestone confirmed with inContact's corporate sales manager that if Milestone were to exercise its rights under the addendum, the termination would be deemed for cause, not for convenience. (A termination for convenience would result in early termination charges, while a termination for cause would not.) Despite this extra protection, the telephone service did not improve. On the contrary, Milestone dealt with more extended downtime and received SLA credits[3] in September and October 2019. InContact failed to cure the outages. This appeared to trigger the contract's exit clause. In November, Milestone submitted written notice to inContact of its intent to terminate the contract, which inContact accepted. Later, however, inContact changed its mind and claimed that Milestone had terminated for convenience, not for cause. This suit followed, and inContact moved to dismiss. (ECF No. 6.)[4]

The court granted in part inContact's motion, concluding that Milestone sufficiently stated claims for fraudulent inducement and negligent misrepresentation, but not for breach of

---

[3] InContact gives customers SLA credits as compensation for service outages. These credits show up on customers' bills.

[4] Concurrently with its motion to dismiss, inContact answered the complaint with a counterclaim for breach of contract. (ECF No. 7.)

contract and breach of the implied covenant of good faith and fair dealing. (Order and Mem. Decision, ECF No. 24.) But the court gave Milestone leave to amend the complaint to correct its errors and replead those two claims. (Id.) After Milestone filed its amended complaint (ECF No. 27), inContact again moved to dismiss. (ECF No. 28.)

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must plead facts sufficient to state a claim to relief that is plausible on its face." Slater v. A.G. Edwards & Sons, Inc., 719 F.3d 1190, 1196 (10th Cir. 2013) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). The court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Albers, 771 F.3d at 700. The court's function is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)).

## ANALYSIS

Milestone's amended complaint lists five causes of action against inContact. First, Milestone seeks a declaratory judgment, and next, it raises claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement/intentional misrepresentation, and negligent misrepresentation. The court has held that the fraudulent

inducement and negligent misrepresentation claims survive dismissal. (ECF No. 24.) So because inContact's motion only seeks to dismiss the amended claims for breach of contract and breach of the implied covenant of good faith and fair dealing, the court will consider those in turn.

### I. Breach of Contract

First, Milestone alleges that inContact breached the parties' contract. Whether the court uses Utah or Delaware law, the result is the same. In Utah, there are four elements to a breach of contract: (1) the existence of a valid and enforceable contract, (2) the plaintiff having performed its contractual obligations, (3) the defendant having breached the contract, and (4) the plaintiff having suffered damages. See Bair v. Axiom Design LLC, 2001 UT 20, ¶ 14, 20 P.3d 388, 392. Delaware uses three elements: "[F]irst, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003). The parties disagree over whether inContact breached any part of the agreement.

Milestone's amended complaint adds the following language to its breach of contract claim:

> inContact breached the Contract and Milestone terminated for cause, specifically, in September and October of 2019, Milestone received SLA credits because the downtime exceeded the SLA threshold. . . . inContact could not, and did not, cure its breaches of the Contract[.]

(Am. Compl. ¶¶ 25, 27 (emphases added).) The allegation that inContact "could not, and did not, cure its breaches" points the reader to the new language in paragraph 17, where Milestone alleges that inContact's corporate sales manager represented that "[t]here is no cure that wipes out the outage." (Id. ¶ 17.) InContact argues that these additions do nothing to shore up Milestone's claim because the court already decided that issuing SLA credits did not breach the

contract, and Milestone offers no other contractual provision that it could have violated. In its opposition, Milestone argues that because Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim," it does not need to "specify in detail the provision of the contract that was breached." (Opp'n to Mot. at 10, ECF No. 29.) Of course, a complaint does not need to describe the alleged facts in endless detail to survive a motion to dismiss, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Milestone has essentially returned to the argument that the court rejected—namely, that the SLA credits alone constituted a breach. Its complaint says that "inContact breached the Contract and Milestone terminated for cause," which implies that the breach preceded the termination for cause. Looking past its conclusory statements that inContact breached the contract, Milestone fails to set out what those breaches are. The only pretermination events alleged in the complaint were inContact's service outages and the SLA credits. Neither of these can support a breach of contract claim. At oral argument, Milestone maintained that the breach at issue was inContact's failure to provide telephone service. But when there was a service outage, Milestone received SLA credits. The court already held that issuing SLA credits did not breach the contract, and by implication, neither did the service outages. Simply put, service outages alone cannot support a claim for breach of contract.

The court's order dismissing Milestone's first complaint said that "without this key allegation [that inContact failed to cure the problems], Milestone cannot proceed on its breach of contract claim." But the order did not say that if Milestone merely added that language to its complaint, it would sufficiently plead a breach of contract. After carefully reviewing the fully

briefed motion, the court sees no plausible claim for breach of contract, even with the added language. As it stands, this claim rests on threadbare facts and legal conclusions—exactly what was proscribed by the Supreme Court in Twombly and Iqbal. This cause of action must be dismissed.

## II.     Breach of the Implied Covenant of Good Faith and Fair Dealing

Second, Milestone alleges that inContact breached the implied covenant of good faith and fair dealing. As the court held in its June 17, 2021 order, this type of claim is a "derivative of a breach of contract claim." (Order and Mem. Decision at 5, ECF No. 24.) Because Milestone's breach of contract claim fails, so does its claim for breach of the implied covenant of good faith and fair dealing. This cause of action must be dismissed.

## III.    Leave to Amend

The court will not give Milestone a second chance to amend its complaint to state a claim for breach of contract. While the court initially believed that Milestone could correct the complaint's defects, it is now clear that Milestone cannot plead any facts to give rise to a plausible breach of contract claim. See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999) (citing Bauchman v. W. High Sch., 132 F.3d 542, 559 (10th Cir. 1997)).

However, Milestone's complaint does set forth facts that plausibly show that it had cause to exit the contract. First, Milestone received SLA credits in two consecutive months. Second, Milestone gave inContact written notice of its intention to exit the contract on November 22, 2019. This triggered inContact's ability to cure the defects within thirty days. Third, Milestone

6

alleges that inContact did not cure the defects.[5] These facts, if true, would make Milestone's termination one for cause, not convenience. Under the contract, early termination charges "shall not apply" in a termination for cause. (Opp'n to Mot., Ex. 1 at 4, ECF No. 29-1.) Therefore, if the allegations in the complaint are true, inContact would have wrongfully charged Milestone $180,000 in early termination charges.[6]

By dismissing Milestone's breach of contract claim, the court is not foreclosing its ability to decide that Milestone had cause to exit the contract. Rather, the court can and will address this issue as part of inContact's counterclaim for breach of contract. And the court will also be able to address any fraud or misrepresentation in Milestone's remaining claims. As it stands, there was no breach on inContact's part.

## CONCLUSION

Milestone has not plausibly alleged a breach of contract or a breach of the implied covenant of good faith and fair dealing. Accordingly, **IT IS ORDERED** that inContact's motion to dismiss is GRANTED.

DATED this 28th day of October, 2021.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge

---

[5] Milestone alleges that based on inContact's corporate sales manager's representations, it was impossible for inContact to cure, but this contradicts the clear language in the addendum, which gives inContact the ability to cure.

[6] It is unclear whether inContact would have breached the contract if it charged Milestone early termination fees when Milestone had cause to exit the contract. But this is not the theory under which Milestone charged inContact with breach of contract.